# IN THE UNITED STATES FEDERAL DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**WAYNE MACK**                                                                                                  **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NUMBER: 2:09CV219KS-MTP**

**USA TRUCK, INC.**                                                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#2]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited and being fully advised in the premises, finds that the motion should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

The plaintiff, Wayne Mack, was hired by the defendant in the state of Arkansas as a long haul truck driver pursuant to an Employment Agreement executed on December 12, 2000. On January 25, 2002, the plaintiff injured his lower back in Madison County, Mississippi while unloading tires from his truck. As a result of his injuries, the plaintiff filed a Notice of Injury with the Arkansas Workers's Compensation Commission. The defendant paid medical expenses and temporary total disability on behalf of Mack until March 8, 2002, pursuant to that claim. The payments were suspended by the defendant at that time based on an allegation that the defendant had

offered Mack light duty work within his medical restrictions and that he (Mack) refused.

A hearing was conducted before an ALJ with the Arkansas Workers' Compensation Commission ("AWCC") on February 27, 2003, after a stipulation of jurisdiction by the parties before that agency.  On May 22, 2003, the ALJ entered an opinion finding that Mack was entitled to further medical expense payments but not temporary total disability or any other indemnity payments.

Meanwhile, on April 8, 2002, the plaintiff had filed a Motion to Enforce Jurisdiction and Compensation under the Mississippi Workers' Compensation Act.  The Mississippi Workers' Compensation Commission placed this case on inactive status on July 28, 2004, as no activity had occurred in the case.

On August 25, 2004, the plaintiff filed suit in Covington County, Mississippi alleging bad faith refusal of the defendant to pay compensation.  That suit was removed to this court, which conducted a hearing on a motion to dismiss and entered an order of dismissal without prejudice on April 14, 2005.  That dismissal was premised on a lack of jurisdiction as the underlying administrative remedies related to the workers' compensation claim had not been exhausted.

In July of 2006, the parties filed a Joint Petition for settlement of Mack's claim before the AWCC alleging that the plaintiff had reached maximum medical improvement in November of 2005.   Pursuant to the Joint Petition, the parties submitted to the jurisdiction of the AWCC and requested the settlement of $60,000 prorated to the plaintiff and $15,000 to his attorney be approved.  On July 13, 2006, the parties executed and submitted an Agreed Order of Dismissal with prejudice of the plaintiff's Mississippi Comp claim.  This agreed order stated that the plaintiff's workers'

compensation claim was being handled in Arkansas. On July 21, 2006, the AWCC entered an order ratifying and approving the settlement and dismissing the plaintiff's Arkansas Comp claim.

On July 3, 2009, the plaintiff re-filed the identical 2004 bad faith suit in Covington County. After service, the defendant timely removed the case to this court on October 22, 2009. Thereafter, the defendant filed the present motion asserting that the plaintiff's exclusive remedy for his 2002 on the job injury was pursuant to the Arkansas Workers' Compensation Act.

The plaintiff argues that claims were filed in both Mississippi and Arkansas and that after two years without medical treatment, the plaintiff agreed to proceed under the Arkansas Workers' Compensation Act. He now asserts that after resolving his workers' compensation claim, he desires to proceed with a bad faith claim due to the alleged wilful action of the defendant's denial of medical treatment.

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos*

*County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

## **ANALYSIS**

The Mississippi Supreme Court recognized the viability of a bad faith claim against a workers' compensation carrier for intentional torts in *Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 So. 2d 55 (Miss. 1984). The court stated:

> We hold that the majority view permitting action for an independent tort against an insurance carrier in workers' compensation cases is in line with the thrust of our recent decisions recognizing that punitive damages are appropriate where an insurance company intentionally and in bad faith refuses payment of a legitimate claim in order to prevent insurer from enforcing inadequate settlement. (Internal citations omitted).

469 So.2d at 58.

Under Mississippi law, an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages. However, "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort." *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398

(Miss.1975).  Neither are punitive damages recoverable "if an insurance company has a legitimate or an arguable reason for failing to pay a claim."  *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977).

Thus, for punitive damages to be recoverable under Mississippi law, (1) there must have been an absence of a legitimate or arguable reason for denying the claim; and (2) the insurance company must have committed a wilful or malicious wrong, or acted with gross and reckless disregard for the rights of the insured.  Both of these elements must be present.  *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620 (Miss.1988).  Further, punitive damages are not favored under Mississippi law and are considered an extraordinary remedy allowed "with caution and within narrow limits."  *Veal,* 354 So.2d at 247.

The defendant argues that this bad faith claim is subject to dismissal as there has been no final adjudication of plaintiff's right to compensation benefits under Mississippi law, which is a prerequisite to the imposition of a bad faith claim.  Indeed, the plaintiff voluntarily submitted to the jurisdiction of the AWCC and received a settlement of his claim which was ratified by that agency.  The plaintiff argues, somewhat speciously, that he merely chose to proceed under Arkansas law in the interest of judicial economy.  He ignores the fact that he also voluntarily dismissed his Mississippi claim with prejudice after acknowledging the exclusive jurisdiction of the Arkansas Workers' Compensation Commission.

Under Mississippi law, one may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary." *Walls V. Franklin*

*Corp.*, 797 So.2d 973, 977 (Miss. 2001).   *See also Day-Brite Lighting Div., Emerson Electric Co. v. Cummings*, 419 So.2d 211, 212-13 (Miss.1982); *Walls v. Franklin Corp.*, *supra*; *Morris v. Adventist Health Ctr.*, No. 2:07cv275KS-MTP, 2008 U.S. Dist. Lexis 9247 (S.D. Miss. Jan. 23, 2008); and *Sistrunk v. Hydro Aluminum Puckett, Inc.*, No. 3:05cv726LN, 2006 U.S. Dist. Lexis 28041 (S.D. Miss. Apr. 27, 2006).

There has been no finding of compensability by the Mississippi Workers' Compensation Commission, which is an absolute prerequisite to filing a bad faith claim in Mississippi for a failure to pay benefits.  As stated, the plaintiff agreed to dismiss his Mississippi claim with prejudice after not pursing it for four years and admitting that Arkansas had exclusive jurisdiction of the claim.

Regardless, this court finds that the exclusive remedy for the plaintiff's claims is the Arkansas Workers' Compensation Act.  *See Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225, 229 (S.D. Miss. 1992)(holding that Louisiana law was distinctly different from Mississippi law in a bad faith refusal to pay workers' compensation benefits case and that the plaintiff was limited to statutory damages only).  As the court found in *Shepherd*, the law of Arkansas regarding a bad faith refusal to pay workers' compensation benefits case is different than Mississippi law.  While Mississippi common law has been held to supplement the MWC Act, Arkansas has held, like Louisiana, that their Act contains the exclusive remedies for this type of alleged conduct.  *See Liberty Mutual Ins. Co. V. Coleman*, 852 S.W.2d 816 (Ark. 1993)(holding that the workers' compensation act is the exclusive remedy precluding all actions at law including those for intentional torts arising out of the non-payment of benefits)(citing *Johnson v. Houston General Ins. Co.*, 259 Ark. 724, 536 S.W.2d 121 (1976)).

The plaintiff duly filed his claim for injury in Arkansas and pursued his remedies therein. He received a favorable ruling from the AWCC relating to his medical expenses and ultimately settled his case. It is true that he filed a claim in Mississippi too, but he chose to voluntarily proceed in Arkansas and allowed the Mississippi claim to be passed to the inactive files. After agreeing to settle the case in Arkansas, he the dismissed the Mississippi claim with prejudice without any order from the MWCC regarding the compensability of his claim. He is, thus, precluded from proceeding with this bad faith claim in Mississippi for the reasons set forth.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#2]** filed on behalf of the defendant is granted and this matter is dismissed with prejudice and that any other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 29th day of January, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE